**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUBAL BLADIMIR ALVARADO-VALLADARES,

No. 22-1915

Petitioner,

Agency No.
A208-378-596

v.

MEMORANDUM*

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 6, 2024
Pasadena, California

Before: CLIFTON, H.A. THOMAS, and DESAI, Circuit Judges.

Jubal Bladimir Alvarado-Valladares ("Alvarado"), a native and citizen of

Honduras, petitions for review of a Board of Immigration Appeals decision

affirming the denial of his claims for asylum, withholding of removal, and

Convention Against Torture ("CAT") protection. Alvarado entered the United States

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

after two encounters with gang members in Honduras. During the first encounter, gang members tied up and beat Alvarado and stole his personal belongings, including electronics and a refrigerator. During the second encounter, one of the gang members returned and asked why Alvarado reported the attack to police and threatened to kill him.

Before the agencies, Alvarado alleged that he feared persecution on account of his membership in particular social groups ("PSG") comprised of his family, victims and witnesses of criminal activity, and victims and witnesses of criminal activity who have cooperated with law enforcement, as well as his anti-corruption political opinion. He also alleged a fear of torture by or with the acquiescence of the government.

We have jurisdiction under 28 U.S.C. § 1291. We review denials of asylum, withholding of removal, and CAT relief for substantial evidence. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (quoting *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014)). We deny the petition.

1.     Substantial evidence supports the agency's conclusion that Alvarado did not demonstrate a nexus between harm and a protected ground. To be eligible for asylum or withholding of removal, a petitioner has the burden to demonstrate a likelihood of persecution on account of a protected ground. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3). To establish eligibility for asylum, a petitioner must

demonstrate that a protected ground is "one central reason" for persecution. 8 U.S.C. § 1158(b)(1)(B)(i). The nexus standard for withholding of removal claims is less demanding; a petitioner need only show that the protected ground is "a reason" for persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017).

The agency found that the gang members who attacked Alvarado were motivated by financial gain rather than Alvarado's asserted protected grounds. Alvarado testified that the gang members took several items of value after attacking him during the first encounter. Although Alvarado testified that he believed the gang members were looking for a document concerning his family's land, he admitted that the gang members did not mention his family during the attack. After Alvarado reported the first attack to Honduran police, the gang members returned and threatened to kill Alvarado. The immigration judge noted that the gang members nevertheless did not appear motivated by Alvarado's status in a crime victims PSG.

Taken together, both encounters with the gang members demonstrate that their motive was financial gain. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (holding that an applicant failed to prove nexus where he experienced "harassment by criminals motivated by theft or random violence"). The record does not compel the conclusion that the gang members were motivated by Alvarado's membership in any PSG or political opinion. Substantial evidence thus supports the denial of Alvarado's asylum and withholding of removal claims.

22-1915

2.　　Substantial evidence also supports the agency's conclusion that Alvarado did not show a likelihood of future torture by or with the acquiescence of public officials in Honduras. To establish entitlement to CAT relief, a petitioner must show that it is more likely than not that he will face torture by or with the acquiescence of the government. *De Leon v. Garland*, 51 F.4th 992, 1004 (9th Cir. 2022). Alvarado contends that he would suffer torture by the Honduran government because police are affiliated with gangs in Honduras, and he would be targeted by a specific police officer. But Alvarado failed to offer any evidence beyond his own speculative testimony and did not explain his grounds for believing that the police officer was targeting him. The record thus does not compel the conclusion that it is more likely than not that Alvarado would experience torture by or with the acquiescence of the government.

The petition for review is **DENIED.**